1
2
3
4
5
6
7
8

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

JAIME JIMENEZ,

       Plaintiff,

  v.

OCWEN LOAN SERVICING, LLC,
DEUTSCHE BANK NATIONAL TRUST CO.,
WESTERN PROGRESSIVE, LLC,

       Defendant.
_____/

No. C -12-03298 EDL

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS WITHOUT
LEAVE TO AMEND**

16
17
18
19
20
21
22
23
24

     On June 26, 2012, Plaintiff Jaime Jimenez filed a complaint against Defendants Ocwen Loan Servicing, LLC, Deutche Bank National Trust, and Western Progressive, LLC, asserting several claims arising out of foreclosure proceedings involving his residential property.  On August 23, 2012, Defendants filed a motion to dismiss Plaintiff's complaint.  Plaintiff did not file an opposition to the motion to dismiss.  On October 12, 2012, the Court held a hearing on Defendants' motion.  Plaintiff did not appear at the hearing.   All parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636 (c).  For the reasons stated at the hearing and in this Order, Defendants' motion is granted without leave to amend.

**Background**

25
26
27
28

     In August 2006, Plaintiff borrowed $620,000 to purchase real property located at 156 Santa Ynez, San Francisco, California.  Compl. ¶ 16; Deed of Trust (attached to the complaint).  Plaintiff alleges that on August 18, 2006, Plaintiff executed a promissory note in favor of Ocwen Loan Servicing, LLC (formerly known as New Century Mortgage). Compl. ¶ 13.   In September 2006, the Note was secured by a deed of trust in favor of Ocwen Loan Servicing.  Compl. ¶ 14.

United States District Court
For the Northern District of California

1    Plaintiff alleges that in September 2006, Ocwen placed Mortgage Electronic Registration

2  System (MERS) on the title to his property as a "Nominee Beneficiary" in order to "hide the true

3  identity of successive beneficiaries."  Compl. ¶ 15.  Plaintiff alleges that MERS was used to "cover

4  up and follow the deed of trust as it is sold over and over to different investors."  Compl. ¶ 15.

5  Plaintiff alleges that the Deed of Trust should be nullified because the MERS recording separated

6  the Promissory Note from the Deed of Trust and that MERS failed to disclose or pay consideration

7  to Plaintiff.  Compl. ¶ 15.

8    Plaintiff alleges that he made continuous payments on his loan until he experienced financial

9  hardship and that thereafter, he received a Notice of Intent to Foreclose.  Compl. ¶ 17-18.  Plaintiff

10  alleges that Defendants wish to proceed with a nonjudicial foreclosure.  Compl. ¶ 18.  Plaintiff

11  alleges that North American Title Company was the original trustee but was replaced by "the

12  fictitious orders of MERS acting like the beneficiary."  Plaintiff claims that MERS elected Western

13  Progressive, LLC as the new trustee.  Compl. ¶ 18.

14    Plaintiff alleges that in order for the beneficiary to lawfully instruct the trustee to start a

15  foreclosure procedure, Defendants must have the original wet ink signature note and the original wet

16  ink signature deed of trust in their possession.  Compl. ¶ 19.  Furthermore, Plaintiff alleges that the

17  lender's right to foreclose is dependent on whether or not Defendants still have possession of the

18  original promissory note and deed of trust.  Compl. ¶ 20.  Plaintiff alleges that he is not aware of the

19  present beneficiary, but believes that the Deed of Trust became "null and void" when it was

20  separated from the Promissory Note.  Compl. ¶ 20.  Plaintiff alleges that Western Progressive, LLC,

21  has "refused to produce the note, when offered full payment in return for it."  Compl. ¶ 20.

22    Plaintiff alleges that Ocwen and Western Progressive are committing fraud by not producing

23  the note, and that they have no standing in court until they provide the Note.  Compl. ¶ 22.  Plaintiff

24  claims that he has sustained damages as a result of this alleged fraud.  Compl. ¶ 22.

25    Defendants state that in 2010, the Deed of Trust was assigned to Defendant, Deutsche Bank,

26  N.A. as trustee, the current beneficiary of the subject Deed of Trust.  Defendants state that this

27

28

assignment was recorded.  Request for Judicial Notice (RJN) Ex.1. [1]  Defendants claim that in March 2012, the Plaintiff was in default and Deutsche Bank substituted Defendant, Western Progressive, LLC as the trustee of the Deed of Trust. Defendants state that Western Progressive, LLC recorded a Notice of Default.  RJN Ex. 3-4.  Defendants state that a Notice of Trustee's sale was recorded in June 2011.  RJN Ex. 5.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted  as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not

---

[1] Defendants' Request for Judicial Notice is granted.  On a motion to dismiss, a court normally may not look to matters beyond the complaint without converting the motion into one for summary judgment.  See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  There are two exceptions to this rule: (1) a court may take judicial notice of  material which is either submitted as part of the complaint or necessarily relied upon by the complaint; and (2) a court may take judicial notice of matters of public record.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987).  Here, Plaintiff has not objected to Defendants' RJN, and the recorded documents contained in the Request for Judicial Notice are judicially noticeable under Federal Rule of Evidence 201.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   permit the court to infer more than the mere possibility of misconduct . . . ."  Id. at 1949 (internal

2   quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the

3   line from conceivable to plausible."  Twombly, 550 U.S. at 570.

4   **Discussion**

5       All of Plaintiff's claims are based on his theory that Defendants lack authority to conduct

6   foreclosure proceedings and do not have a claim to his property because they allegedly do not have

7   possession of the original promissory note and deed of trust.  As discussed below, this theory lacks

8   merit.

9       California Civil Code sections 2924 et seq., govern nonjudicial foreclosure under deeds of

10  trust.  See I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985) ("The statutory provisions

11  regulating the nonjudicial foreclosure of deeds of trust are contained in [Civil Code] sections 2924-

12  2924i.  These provisions cover every aspect of exercise of the power of sale contained in a deed of

13  trust.").  Civil Code section 2924(a)(1) provides that: "the trustee, mortgagee or beneficiary, or any

14  of their authorized agents" may commence the nonjudicial foreclosure process by recording and

15  servicing a notice of default.  See Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994) ("The

16  comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended

17  to be exhaustive."); Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1155 (2011)

18  ("Section 2924, subdivision (a)(1) states that a 'trustee, mortgagee, or beneficiary, or any of their

19  authorized agents' may initiate the foreclosure process.'").

20      The Civil Code does not require that the party initiating the foreclosure have physical

21  possession (or know who does physically possess) the note.  See Debrunner v. Deutsche National

22  Trust Co., 204 Cal.App.4th 433 (2012) ("All have noted that the procedures to be followed in a

23  nonjudicial foreclosure are governed by sections 2924 through 2924k, which do not require that the

24  note be in the possession of the party initiating the foreclosure.  We likewise see nothing in the

25  applicable statutes that precludes foreclosure when the foreclosing party does not possess the

26  original promissory note."); see also Vivanic v. Wash. Mut. Bank, Case No. 10-737 SC, 2010 WL

27  2354199, at *7 (N.D. Cal. June 9, 2010) ("Case law addressing this issue is clear: 'Under Civil Code

28  section 2924, no party needs to physically possess the promissory note.'").  Thus, Plaintiff's

1   argument that Defendant lacked authority to foreclose because it did not possess the original note is

2   without merit.  **Conclusion**

3          Defendants' motion to dismiss is granted.  All of Plaintiff's claims are based on the theory

4   that foreclosure is improper because Defendants do not possess the original note and deed of trust.

5   Because that theory has been rejected and is not supported by the case law, leave to amend would be

6   futile, and is therefore denied.  See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("A

7   district court does not err in denying leave to amend where the amendment would be futile.").  In

8   addition, because Plaintiff failed to oppose Defendants' motion or appear at the hearing he has not

9   sought leave to amend.

10  **IT IS SO ORDERED.**

11

12  Dated: October 16, 2012

    _____
    ELIZABETH D. LAPORTE
    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5